**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LOURIVAL DOS SANTOS LOPES,

        Petitioner,

v.                                    Case No. 3:25-cv-1522-WWB-LLL

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, et al.,

        Respondents.

_____/

### <u>ORDER</u>

      Petitioner, a detainee of the United States Immigration and Customs Enforcement ("**ICE**"), with help from counsel, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking, *inter alia*, release from custody or a bond hearing in accordance with 8 U.S.C. § 1226(a).  (Doc. 1).  Petitioner alleges that: he is a Brazilian citizen who entered the United States in 2004, without inspection, after crossing from Mexico into Phoenix, Arizona; Petitioner then lived in Pinellas County, Florida for approximately twenty years with his wife, who he married in Brazil, and two United States citizen children; Petitioner is a small business owner; and he has no criminal history.  (*Id.* at 13–14).  On September 30, 2025, Pinellas County Sheriff's Office arrested Petitioner following a minor traffic incident.  (*Id.* at 14).  ICE then issued a Form I-200 warrant for Petitioner's arrest under § 236(a) of the Immigration and Nationality Act ("**INA**").  (*Id.* at 15).  Within forty-eight hours, ICE took Petitioner into custody and transported him to Baker County Detention Center where he remains detained.  (*Id.*).  On October 2, 2025, ICE issued a I-213 form charging Petitioner as removable under INA § 212(a)(6)(A)(i) and

INA § 212(a)(7)(A)(i)(I), and initiated removal proceedings.  (*Id.* at 15).  According to the I-213 Form, Petitioner "will be held in ICE custody pending removal proceedings."  (*Id.*).

He raises two claims in the Petition: (i) ICE should classify Petitioner's detention under 8 U.S.C. § 1226(a) and afford him a bond hearing before an immigration judge rather than mandatorily detain him under 8 U.S.C. § 1225(b)(2); and (ii) he is entitled to relief as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *final judgment entered*, 2025 WL 3713982 (C.D. Cal.).  Petitioner has also filed a Motion for Temporary Restraining Order (Doc. 14), which relies on substantially the same allegations as that in the Petition.

Respondents filed a Response (Doc. 12), arguing that the Court lacks jurisdiction to entertain the Petition; Petitioner failed to exhaust his administrative remedies; and that in any event, the petition lacks merit because Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2).

Petitioner filed a counseled Reply.  (Doc. 21).  Petitioner opposes Respondents' jurisdictional argument and argues that Respondents' reading of § 1225(b)(2) conflicts with the statutory structure and Florida district court decisions; and the Court should follow the ruling in *Bautista*.  (*See generally id.*)

## I.      DISCUSSION

The Court first addresses Respondents' arguments that two statutory provisions— 8 U.S.C. § 1252(g) and § 1252(b)(9)—deprive this Court of jurisdiction to adjudicate Petitioner's claims.  Then the Court addresses Respondents' exhaustion argument.

Because the Court rejects those arguments, the Court then addresses the merits of Petitioner's claims in the Petition.

### A. 8 U.S.C. § 1252(g)

Section 1252(g) states in pertinent part that "no court shall have jurisdiction to hear any cause or claim by . . . any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  "It is a 'discretion-protecting provision' designed to prevent the 'deconstruction, fragmentation, and hence prolongation of removal proceedings.'"  *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999)).  Nevertheless, the provision "does not cover 'the universe of deportation claims.'" *Id.* (quoting *Reno*, 525 U.S. at 482).  Indeed, the Supreme Court has explained that § 1252(g) should be narrowly read to encompass only the "three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders."  *Reno*, 525 U.S. at 482 (internal quotation marks and citation omitted).  While "'many other decisions or actions' may be 'part of the deportation process,' only claims that arise from one of the covered actions are excluded from [court] review" by this section.  *Camarena*, 988 F.3d at 1272.

Here, Petitioner is not attacking ICE's decision to commence removal proceedings, adjudicate his case, or execute an order of removal.  Indeed, Petitioner does not have an order of removal.  Instead, Petitioner is attacking ICE's decision to treat him as an "applicant for admission" under § 1225(b), which imposes mandatory detention, rather

3

than as a noncitizen under § 1226(a), which permits a bond hearing before an immigration judge.  Thus, the Court finds that § 1252(g) does not bar Petitioner's claims.

### B.  8 U.S.C. § 1252(b)(9) – the "Zipper Clause"

Under the "Zipper Clause," "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order."  8 U.S.C. § 1252(b)(9).  But "§ 1252(b)(9) 'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . .  removability will be determined.'"  *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018)).  The Eleventh Circuit has "clarified that the zipper clause only affects cases that 'involve[ ] review of an order of removal.'" *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020) (quoting *Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006)).

Here, Petitioner does not have an order of removal. Nor is he seeking to challenge the decision to seek removal or the process by which removability will be determined. Instead, as found above, he is challenging his classification under § 1225(b), which requires mandatory detention.  Thus, § 1252(b)(9) does not bar this Court's review of his claims.

## C. Exhaustion

A petitioner does not need to exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992).  Recently, the Board of Immigration Appeals ("**BIA**") found that immigration judges have no authority to consider bond requests from noncitizens who entered the United States without inspection "because aliens who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025).  Thus, the BIA has already "predetermined" the issue.  Here, Petitioner sought a redetermination of his custody, and the immigration judge denied the request on the belief that immigration judges lack the authority to consider such requests under *Hurtado*.  (Doc. 3-2 at 19).  To require Petitioner to seek review from the court that issued the *Hurtado* decision would be futile.  District courts around the country, including some judges on this Court, have reached this same conclusion and declined to dismiss similar cases based on the alleged failure to exhaust.  *See, e.g.*, *Patel v. Hardin*, No. 2:25-cv-870, 2025 WL 3442706, at *3 (M.D. Fla. Dec. 1, 2025) (collecting cases).  Considering the circumstances, the Court rejects Respondents' exhaustion argument.

## D. Merits

### i.    *Sections 1225 and 1226*

The underlying premise of Petitioner's claims is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2).

5

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in in the United States (whether or not at a designated port of arrival . . . )." 8 U.S.C. § 1225(a)(1); *see Jennings*, 583 U.S. at 287 (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission" (internal quotation marks and citation omitted)). Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country. *Jennings*, 583 U.S. at 287. Certain applicants are subject to expedited removal. *See* 8 U.S.C. § 1225(b)(1). But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]." *Jennings*, 583 U.S. at 288. There are no exceptions to permit the government to release aliens under this subsection on bond. *See* 8 U.S.C. § 1225(b)(2).

The INA includes provisions applicable to aliens in general, including those aliens who do not qualify as an "applicant for admission." *See* 8 U.S.C. § 1226. Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2) (emphasis added).

It is undisputed that Petitioner entered the United States without inspection and has now been residing here for years. While the Eleventh Circuit has yet to address the issue, many courts have addressed whether noncitizens in similar scenarios properly fall

6

under section 1225 or 1226. And here, the Court adopts the plain meaning of the statutes as interpreted by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and finds Petitioner's "[p]resence without admission deems [] [P]etitioner[] to be [an] applicant for admission" subject to § 1225's mandatory detention. *See also Lopez v. Dir. of Enf't. & Removal Operations*, --- F. Supp. 3d ---, 2026 WL 261938, at *1 (M.D. Fla. Jan. 26, 2026) ("Petitioner is an alien, he's present in the United States, and he has not been admitted—*i.e.*, he has not gained 'lawful entry . . . into the United States after inspection and authorization by an immigration officer.' Therefore, he is an 'applicant for admission.'" (internal citation omitted)). In sum, because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Respondents contend.

Petitioner argues that he was arrested inside the United States and is being detained pending removal proceedings under § 212(a)(6)(A)(i) of the INA because he is "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General"; which places him into INA § 240 removal proceedings and the custody framework of INA § 236(a).[1] (*See* Doc. 1 at 18; Doc. 1-3). As such, according to Petitioner, this charge confirms he is being processed as a regular respondent in full removal proceedings, and not as an arriving alien. *Id.* But Petitioner's Notice to Appear also states that he is an "alien present in the United States who has not been admitted or paroled" after inspection. (Doc. 19-1 at 1). And thus, his charge does not affect his status in considering whether § 1225(b)(2)(A) or § 1226(a) applies to his detention: He is a

---

[1] Section 212 is codified at 8 U.S.C. § 1182.

noncitizen who has been living in the country for some time without having been admitted, and he has been detained for full removal proceedings.

Further, to the extent that Petitioner claims his detention violates his due process rights under the Fifth Amendment, that argument also lacks merit. "Detention during removal proceedings is a constitutionally permissible part of" the deportation process. *Demore v. Kim*, 538 U.S. 510, 531 (2003). Accordingly, the Supreme Court has held that due process does not require a bond determination for a § 1226(c) detention during the entirety of removal proceedings. *See id.* If a bond hearing is not required for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs. *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y Jan. 14, 2026). Regardless, "given the relatively short duration of Petitioner's detention— [just over five] months—any constitutional argument for habeas relief . . ., if possible, would be premature." *Candido v. Bondi*, No. 25-CV-867, 2025 WL 3484932, at *5 (W.D.N.Y. Dec. 4, 2025) (citing cases, including *Demore*); *cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (recognizing, "for the sake of uniform administration in the federal courts," a presumption favoring "the constitutionality of detention for" six months after a final order of removal, and contemplating longer post-final order detention where the Government shows a "significant likelihood of removal in the reasonably foreseeable future"). Finding that Petitioner is subject to mandatory detention under § 1225, he has not met his burden to show that his detention otherwise violates his due process rights. As such, these claims are without merit.

### ii.    *Bautista*

While Petitioner asserts he is entitled to relief as a member of the Bond Eligible Class announced in *Bautista*, the Court finds that the decision in that case is not binding on this Court.  Indeed, since the filing of this case, the Ninth Circuit has stayed, pending appeal, the district court's December 18, 2025 declaratory judgment insofar as it extends beyond the Central District of California.  *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir.), Doc. 5.  Likewise, even the *Bautista* court acknowledged the limitations of its jurisdiction.  *See Bautista*, 2025 WL 3713987, *29–30 ("The court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district.").  Indeed, absent the application of res judicata or collateral estoppel, a district court is not bound by the judgment of another district court.  *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004).  Res judicata applies only when the cases "involve the same parties or their privies."  *See S. River Watershed All., Inc. v. Dekalb Cnty.*, 69 F.4th 809, 815 n.1 (11th Cir. 2023) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)).  As Petitioner was not a party to the *Bautista* case, res judicata does not apply.  Moreover, offensive collateral estoppel is not available against the government.  *See Calderon Lopez v. Lyons*, 2025 WL 3683918, at *12–13 (N.D. Tex. Dec. 19, 2025).  As such, this claim is without merit.

Therefore, it is **ORDERED** and **ADJUDGED**:

1.  The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.  The Clerk is **DIRECTED** to enter judgment, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 19, 2026.

9

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c:
Counsel of Record

10